IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ANGELA KIMBLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. _____ |
| SUN LIFE ASSURANCE COMPANY | ) |
| OF CANADA, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S ORIGINAL COMPLAINT

## PRELIMINARY STATEMENT

1. Plaintiff Angela Kimble, hereinafter referred to as "Plaintiff," brings this ERISA action against Sun Life Assurance Company of Canada, in its capacity as Administrator of the Amedisys Holdings, LLC Long Term Disability Plan, hereinafter referred to as "Defendant". Plaintiff brings this action to secure all disability benefits, whether they be described as short term, long term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant. Plaintiff is covered under the policy by virtue of his employment with Amedisys Holdings, LLC.

## PARTIES

2. Plaintiff is a citizen and resident of Lynnville, Tennessee.

3. Defendant is a properly organized business entity doing business in the State of Tennessee.

4. The disability plan at issue in the case at bar was funded and

administered by Defendant.

5. Defendant is a business entity doing business in the Middle District of Tennessee. Defendant may be served with process by serving its registered agent, C T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.

## JURISDICTION AND VENUE

6. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. ' 1331, in that the claim arises under the laws of the United States of America. Specifically, Plaintiff brings this action to enforce her rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought . . . (1) by a participant or by a beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

7. Venue in the Middle District of Tennessee is proper by virtue of Defendant doing business in the Middle District of Tennessee. Under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Therefore, venue may also be proper under the third prong of ERISA's venue provision, specifically "where a defendant resides or may be found." (*Id*.) Here, Defendant is "found" within the Middle District of Tennessee, as it does business here, and the court has personal jurisdiction over Defendant, as it has sufficient ties to the United States.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8. Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action. Said policy became effective January 1, 2018.

9. The disability policy at issue was obtained by Plaintiff by virtue of Plaintiff's employment with Amedisys Holdings, LLC at the time of Plaintiff's onset of disability.

10. Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

11. Defendant funds the Plan benefits.

12. Because the Defendant both funds the Plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

13. Because of the conflict of interest described above, this Court should consider Defendant's decision to deny disability benefits as an important factor during its review in determining Defendant's abuse of discretion.

14. Further, in order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

15. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

16. Plaintiff is a 45 year old woman previously employed by Amedisys

Holdings, LLC as a "Registered Nurse Home Health."

17. Registered Nurse Home Health is classified under the Dictionary of Occupational Titles as Medium with an SVP of 7 and considered to be skilled work.

18. Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on July 15, 2018, as on this date Plaintiff suffered from C5-C6 disc arthroplasty; adhesive capsulitis of the left shoulder; and cervical radiculopathy.

19. Plaintiff alleges that she became disabled on July 16, 2018.

20. Plaintiff filed for short term disability benefits with Defendant.

21. Short term disability benefits were granted.

22. Plaintiff filed for long term disability benefits through the Plan administered by the Defendant.

23. On December 23, 2019, Defendant denied long term disability benefits under the Plan. Said letter allowed Plaintiff 180 days to appeal this decision.

24. At the time Defendant denied Plaintiff long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform her "Own Occupation."

25. If granted the Plan would pay monthly benefit of $2,210.00.

26. On June 19, 2020, Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

27. Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

28. Plaintiff submitted additional information including medical records to show

that she is totally disabled from the performance of both her own and any other occupation as defined by the Plan.

29. On or about February 13, 2019, Defendant's internal consultant, Sally McCarthy, RN, MS, CCM, performed a paper review of Plaintiff's claim file.

30. On or about March 8, 2019, Defendant's internal consultant, Cheryl Slavin, RN, BSN, performed a paper review of Plaintiff's claim file.

31. On or about April 11, 2019, Defendant's internal consultant, Cheryl Slavin, RN, BSN, performed another paper review of Plaintiff's claim file.

32. On or about April 25, 2019, Defendant's internal consultant, Cheryl Slavin, RN, BSN, performed yet another paper review of Plaintiff's claim file.

33. On or about May 7, 2019, Defendant's paid consultant, William M. Sligar, M.D., orthopaedic surgery, performed a peer review of Plaintiff's claim file.

34. On or about August 15, 2019, Defendant's internal consultant, Cheryl Slavin, RN, BSN, performed still another paper review of Plaintiff's claim file.

35. On or about August 16, 2019, Defendant's internal consultant, Karen Buckley, MA, CRC, performed a paper review of Plaintiff's claim file.

36. On or about August 28, 2019, Defendant's internal consultant, Lisa Woodbury, RN, performed a paper review of Plaintiff's claim file.

37. On or about November 12, 2019, Defendant's internal consultant, Amy Simmons, RN, performed a paper review of Plaintiff's claim file.

38. On or about November 22, 2019, Defendant's paid consultant, Justin Yang, M.D., orthopedic surgery and sports medicine, performed a peer review of

Plaintiff's claim file.

39. On or about December 6, 2019, Defendant's internal consultant, Lisa Woodbury, RN, performed another paper review of Plaintiff's claim file.

40. On or about December 19, 2019, Defendant's paid consultant, Maria Iannolo, M.D., orthopedic surgery, performed a peer review of Plaintiff's claim file.

41. On or about August 6, 2020, Defendant's paid consultant, Howard Grattan, M.D., physical medicine and rehabilitation, performed a peer review of Plaintiff's claim file.

42. On or about October 21, 2020, Defendant's internal consultant, Christina A. Buckley, M.Ed., CRC, vocational rehabilitation consultant, performed a paper review of Plaintiff's claim file.

43. Defendant's consultants completed their reports without examining Plaintiff.

44. On August 28, 2020, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

45. Defendant also notified Plaintiff on August 28, 2020 that Plaintiff had exhausted her administrative remedies.

46. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

47. Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## MEDICAL FACTS

48. Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

49. Plaintiff suffers from C5-C6 disc arthroplasty; adhesive capsulitis of the left shoulder; and cervical radiculopathy.

50. Treating physicians document continued chronic back pain, radicular symptoms, as well as decreased range of motion and weakness.

51. Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed her ability to engage in any form of exertional activity.

52. Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

53. Plaintiff's treating physicians document these symptoms. Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

54. Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.

55. However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

56. Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after

week, month after month.

57. Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

58. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

59. As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

60. However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

## **DEFENDANT'S CONFLICT OF INTEREST**

61. At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

62. Defendant's determination was influenced by its conflict of interest.

63. Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

64. The long term disability Plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

65. A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

66. More information promotes accurate claims assessment.

67. Despite having the right to a physical examination, Defendant did not ask

Plaintiff to submit to one.

## COUNT I:
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

68. Plaintiff incorporates those allegations contained in paragraphs 1 through 67 as though set forth at length herein.

69. Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

    a. Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

    b. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

    c. Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and

    d. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

## COUNT II: ATTORNEY FEES AND COSTS

70. Plaintiff repeats and realleges the allegations of paragraphs 1 through 69 above.

71. By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such

benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, **Plaintiff demands judgment for the following:**

A. Grant Plaintiff declaratory relief, finding that she is entitled to all past due short term and long term disability benefits yet unpaid;

B. Order Defendant to pay past short term and long term disability benefits retroactive to December 24, 2019 to the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

C. Order Defendant to remand claim for future administrative review and continue to make future long term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan;

D. Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

E. For such other relief as may be deemed just and proper by the Court.

Dated this 24th day of February, 2021

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC

By: *s/ Hudson Ellis*
     Hudson T. Ellis
     Tenn. Bar No. 028330

414 McCallie Avenue
Chattanooga, TN 37402
Telephone: 423-634-2506
Facsimile: 423-634-2505
ellish@buchanandisability.com

MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW L.L.P.

J. Anthony Vessel*
Fed. I.D. No. 1692384
403 Heights Boulevard
Houston, Texas 77007
Telephone: 713-228-8888
Facsimile: 713-225-0940
Anthony@marcwhitehead.com
ATTORNEY-IN-CHARGE
FOR PLAINTIFF,
ANGELA KIMBLE

* Application for admission *pro hac vice* to follow

ATTORNEYS FOR PLAINTIFF,
ANGELA KIMBLE